<hr />

## JOHN BERRY *v.* THE STATE.

OBSTRUCTING PUBLIC ROADS.— In a trial for obstructing a public road the public character of the road may be established by proof of long-continued use of it as such, and by an order of the County Court assigning hands to work on it as a public road.

APPEAL from the County Court of Johnson. Tried below before the Hon. W. J. EWING, County Judge.

A fine of five dollars was the penalty imposed on the appellant.

*Poindexter & Padelford,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WHITE, P. J. There is no variance in the road alleged by the information to have been obstructed and the one proven by the evidence. The allegation in the information, descriptive of the road, is "the road leading from Cleburne, Johnson county, Texas, to Fort Worth, Tarrant county, Texas, by way of Caddo Grove, Johnson county, Texas." Such description fits the road proven to have been obstructed by appellant. But it is contended that the road obstructed was not shown to have been created a public road in conformity with the provisions and requirements of the statutes on the subject of roads.

Such particularity of proof, it seems, is not required in prosecutions of this character. In *McWhorter* v. *State*, 41 Tex. 666, it was held by our Supreme Court that "in a trial for obstructing a public road the character of the road may be established as *public* by evidence of long-continued use as such, and by an order of the County Court assigning hands to work on it as a public road." The doctrine thus announced was affirmed in *Michel* v. *State*, decided by this court at the present term. *(Ante,* p. 108.)

We see no error in the judgment or proceedings had in the lower court. The judgment is affirmed.

*Affirmed.*